UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERTI MEHMEDI, individually and on behalf of others similarly situated, ) ) ) Plaintiffs, ) ) -vs- ) ) LA DOLCE VITA BISTRO, LLC, et al., ) ) Defendants. ) ) | CASE NO. 1:10 CV 01591 <br><br> <u>MEMORANDUM OF OPINION AND ORDER GRANTING CONDITIONAL CERTIFICATION</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is Gerti Mehmedi's ("Mr. Mehmedi") motion to conditionally certify his suit against La Dolce Vita Bistro, LLC and Terrence J. Tarantino (collectively "Defendants"), filed pursuant to 29 U.S.C. §216(b), as a collective action seeking remedy for alleged overtime violations of the Fair Labor Standards Act ("FLSA"). (Doc. 13). Mr. Mehmedi, further, seeks to implement a procedure by which expedited discovery of prospective members of the class eligible to join the suit is conducted and all identified class members are notified of this action, along with their right to opt-in as plaintiffs. The Defendants have not opposed the motion for conditional certification. For the reasons discussed below, the Court will conditionally certify this action.

**Law and Analysis**

The FLSA provides that employees may bring claims for violations of the Act both in their individual capacities and on behalf of other, "similarly situated," employees.

See 29 U.S.C. §216(b).  The FLSA requires the unnamed employees to opt into the case by filing a written consent with the Court.  Id.

Obtaining certification of a class in an FLSA case is a two-step process: (1) at the "notice stage," the plaintiff makes a "minimal showing" that she or he is "similarly situated" to other potential opt-in plaintiffs, after which the court conditionally certifies the matter as a collective action, conducts expedited discovery to conclusively identify those potential opt-in plaintiffs and affords them notice of the suit with the option to become plaintiffs; and (2) after this discovery has concluded and the opt-in forms have been received, the court will make a final determination as to whether the alleged members of the class are, in fact, similarly situated and should be certified.  <u>Comer v. Wal-Mart Stores, Inc.</u>, 454 F.3d 544, 546-47 (6th Cir. 2006).

In this initial phase, the Court considers the following factors in making its determination of conditional certification: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether evidence of a "widespread" discriminatory plan affecting those plaintiffs was maintained by the Defendants.  <u>See</u> <u>Berger v. Cleveland Clinic Foundation</u>, 2007 WL 2902907 (N.D. Ohio 29 September 2007).

Mr. Mehmedi has satisfied his burden at this stage to identify potential plaintiffs, to submit affidavits, and to make a minimal showing of a "widespread" discriminatory plan.  The motion for conditional certification includes four affidavits of Defendants' employees, each testifying they are "similarly situated" to other opt-in plaintiffs as hourly employees.  Mr. Mehmedi has provided his affidavit testifying that he was an hourly worker of the Defendants who did not receive overtime pay for hours worked beyond 40

2

hours per week.  In addition, affidavits for "similarly situated" hourly employees of the Defendants' were included from plaintiffs Allen Selker, Bejto Semaj, and Nick Tassone. (Doc. 13, Attachment 5).  Producing four affidavits from hourly employees who did not, allegedly, receive overtime pay as entitled for "non-exempt" employees, in violation of 29 U.S.C. §§206, 207, provides the necessary "minimal showing" that Defendants failure to pay overtime was "widespread."

Further, the Court determines appropriate Mr. Mehmedi's proposed Notice of Lawsuit (Doc. 13, Attachment A) to be sent to all putative members of the collective action.

Accordingly, the Court finds that Mr. Mehmedi has met his burden under the first stage of a collective action inquiry to warrant the conditional treatment of his claim as a collective action.  The motion for conditional certification is, hereby, granted.


IT IS SO ORDERED.

    /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE


Date: 17 November 2010

3