IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

GERTI MEHMEDI, Individually and on
behalf of others similarly situated,

                                    Plaintiffs,

                                    -vs-

LA DOLCE VITA BISTRO, LLC, et al.,

                                    Defendants.

---

: CASE NO. 1:10 CV 01591
:
:
:
:
:
:
: <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER</u>
:
:
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    This matter comes before the Court on plaintiffs' objections to the Magistrate Judge's recommendations that the plaintiffs' motion for summary judgment be granted in part and denied part; and that the plaintiffs' motion for class certification be denied. For the reasons that follow, the plaintiffs' objections are well-taken, and the Magistrate Judge's recommendations are reversed in part and accepted in part.

**I. Background**

    Defendant La Dolce Vita Bistro, LLC ("La Dolce Vita"), is a restaurant owned and operated by defendant Terrence Tarantino. Plaintiff Gerti Mehmedi was a chef at La Dolce Vita from July 2007 to February 2010. On 19 July 2010, Mr. Mehmedi filed a

complaint on behalf of himself and others similarly situated, alleging that the defendants failed to pay him overtime in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). (Doc. 1). On 17 November 2010, the Court granted conditional certification of the collective action with the following individuals as opt-in plaintiffs: John Bollinger; Ben Boncser; William Newberry; Edward Ross; Allen Selker; Bejto Semaj; Nick Tassone; and Michael Thorpe. (Doc. 14). The collective action plaintiffs performed a variety of roles for the defendants, including dishwasher, server, line cook, and busser, among others.

After discovery, several of the plaintiffs learned that they had claims for unpaid wages and for hours worked at Mr. Tarantino's other restaurant, La Strada, LLC ("La Strada"). Although La Strada was not added as a defendant, the plaintiffs were granted leave to seek compensation for work allegedly performed at defendants' direction and for defendants' benefit, regardless of location. (Doc. 32).

The plaintiffs now move for partial summary judgment on Mr. Mehmedi's exemption status under the FLSA, the appropriate statute of limitations, and whether an award of liquidated damages is proper. (Doc. 45). They also seek judgment on plaintiff Michael Thorpe's damages, but they maintain that the other plaintiffs' damages are a question for the fact finder. The defendants filed a brief in opposition asserting that there are genuine issues of material fact precluding summary judgment with regards to whether Mr. Mehmedi is exempt from the FLSA's protections. (Doc. 48). The defendants further challenge the amount of overtime claimed and whether the failure to pay overtime was willful.

The plaintiffs also seek to conclusively certify this matter as a collective action. (Doc. 47). The defendants argue in opposition that certification is not proper because lead plaintiff Mr. Mehmedi is an exempt employee under the FLSA and, therefore, not similarly situated to the opt-in plaintiffs. (Doc. 49).

On referral, United States Magistrate Judge Greg White recommended denying the plaintiffs' motion for summary judgment on the question whether Mr. Mehmedi is exempt under the FLSA. (Doc. 56). In the Magistrate Judge's view, there are disputed issues of fact with respect to whether Mr. Mehmedi was paid on a salary basis and, therefore, whether he is subject to an exemption under the FLSA. As a consequence, because it is undisputed that the opt-in plaintiffs are non-exempt hourly employees, the Magistrate Judge concluded that Mr. Mehmedi is not similarly situated to them. He therefore recommended that the plaintiffs' motion for certification be denied and the opt-in plaintiffs be dismissed. The Magistrate Judge advised allowing this matter to proceed as to plaintiff Gerti Mehmedi alone.

The Magistrate Judge further advised application of a three-year statute of limitations, since there is record evidence to demonstrate that the defendants acted willfully in denying overtime. Finally, the Magistrate Judge recommended that Mr. Mehmedi is entitled to liquidated damages should FLSA liability ultimately be established.

The plaintiffs presently object to two aspects of the Magistrate Judge's Report and Recommendation: (1) whether the facts are disputed as to the applicability of an exemption as to Mr. Mehmedi; and (2) whether it is proper to deny class certification. (Doc. 57). The defendants have not responded to the plaintiffs' objections.

3

## II. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

## III. Summary Judgment Standard

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[S]ummary judgment will not lie if the ... evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. See Anderson, 477 U.S. at 248. Therefore, the movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993). But the non-moving party "may not rest upon its mere allegations." Fed.R.Civ.P.56(c)(1); see Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). The non-moving party must present "significant probative evidence" to show that there

is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir.1993).

### IV. Law and Argument

*Whether Mehmedi is an Exempt Employee*

The Court first considers the plaintiffs' objections to the Magistrate Judge's recommendation that genuine issues of material fact preclude summary judgment on the question whether Mr. Mehmedi is subject to an exemption under the Fair Labor Standards Act.

Under the FLSA, employers must provide overtime compensation to employees for any hours worked in excess of forty during a seven-day work week. However, there are exceptions to this rule. In this instance, the defendants assert that the "executive exemption" applies to lead plaintiff Mr. Mehmedi. The "executive exemption" exempts employers from paying overtime to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). To establish the "executive exemption," an employer must satisfy three tests: "a (1) duties test; (2) salary level test; and (3) salary basis test," Takacs v. Hahn Auto. Corp., 246 F.3d 776, 779 (6th Cir.2001). The defendants maintain that because Mr. Mehmedi is subject to this exemption, he is not entitled to overtime pay.

The plaintiffs, on the other hand, contend that the defendants will not be able to prove the executive exemption, because the defendants supply no evidence by which a reasonable jury could conclude that the requirements of the "salary basis test," in particular, have been satisfied.

5

> Under the regulations, an employee is paid on a salary basis,
>
> if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602.

In his R&R, the Magistrate Judge concluded that the material facts were in dispute as to whether Mr. Mehmedi was paid on a salary basis, noting in particular a "question of fact regarding [Mr.] Mehmedi's hours worked and payments received."

Respectfully, the Court disagrees with the conclusion of the Magistrate Judge. The pertinent question on a motion for summary judgment is whether the nonmoving party--in this instance, the defendants--has supplied evidence by which a reasonable fact finder might find in its favor. As stated in the regulations, to prove Mr. Mehmedi was paid on a salary basis, the defendants must show that Mr. Mehmedi was paid a "predetermined amount . . . not subject to reduction because of variations in the quality or quantity of the work performed." Construing the exemption narrowly, as it must, the Court concludes that the defendants have provided no competent evidence by which a reasonable fact finder might find this to be so.

As the defendants see it, Mr. Mehmedi's payroll records from 2007 to 2010 demonstrate that he was paid a weekly salary of $510.00 initially and $680 later on. Although review of these records reveals that the plaintiff was paid the claimed amounts fairly consistently for the time periods alleged, any argument that these amounts represent a predetermined salary not subject to reduction is undermined by the sporadic fluctuations in Mr. Mehmedi's weekly pay. For instance, during the period

6

that the defendants claim that Mr. Mehmedi's weekly salary was $680.00, he received three paychecks well below his supposed predetermined salary: two for $510.00 and a third amounting to $340.00. The defendants offer no explanation for these variations in pay. As the Court sees it, the only rational explanation is that the plaintiff's salary was not predetermined; instead, the amount of his weekly paycheck was tied directly to the number of hours he worked. And the payroll records bear this out: on 2 January 2010 the plaintiff was paid $680.00 for 40 hours of work at $17.00 per hour. On 23 January 2010, the plaintiff worked only 30 hours, and he was accordingly paid $510.00. Then, on 5 February 2010, after working 20 hours, still at the $17.00 rate, Mr. Mehmedi was paid $340.00. While it is conceivable that the fluctuations in pay could be explained in a way that might be consistent with a salaried payment structure, the defendants supply no facts or argument by which any such inference may be made. The only reasonable conclusion that can be drawn, in the absence of evidence to the contrary, is that Mr. Mehmedi's pay was subject to reduction because of variations in the quantity of work performed.

Moreover, Mr. Tarantino's sworn testimony supports this conclusion. When asked whether Mr. Mehmedi was "paid the same amount of money, regardless of the number of hours he worked," Mr. Tarantino answered, "He obviously, okay, wasn't paid the same amount of money." (Doc. 44 at 33: 22-23). When explaining to payroll how Mr. Mehmedi's pay was determined, Mr. Tarantino stated, "Just pay the hours, whatever he writes, just pay." (Doc. 44 at 33: 3-4). Although Mr. Tarantino repeatedly testified that Mr. Mehmedi was paid a salary, this claim receives no support from, and is in fact contrary to, the record. "When opposing parties tell two different stories, one of

7

which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Therefore, the defendants in this instance can call it a salary, but that does not make it so.

In sum, the undisputed facts demonstrate that Mr. Mehmedi's weekly paycheck was subject to reduction based on the number of hours he worked. As a consequence, the plaintiffs have established that Mr. Mehmedi is a non-exempt employee as a matter of law.

*Certification as a Collective Action*

The next question is whether this case should be certified as a collective action. The critical question in certifying a collective action is whether the plaintiffs are similarly situated. O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 583 (6th Cir. 2009) (The FLSA "provides a private cause of action against an employer 'by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.'"). "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Id. at 585.

The Magistrate Judge recommended that certification be denied, largely on the ground that Mehmedi may not state a viable overtime claim under the FLSA, since, in his view, the facts are disputed as to whether he is an exempt employee. Also weighing into his analysis was the fact that three of the opt-in plaintiffs allege unpaid wages in addition to overtime claims. The Magistrate Judge further noted that not all opt-in

plaintiffs worked at the same position or at the same restaurant. The Magistrate Judge concluded that these factors weighed in favor of denying certification.

On the plaintiffs' objection, the Court respectfully declines to adopt the Magistrate Judge's recommendation. As explained above, this Court has decided that the undisputed facts establish that Mr. Mehmedi is a non-exempt employee. Therefore, the question whether Mr. Mehmedi is exempt or not is not relevant to whether he is similarly situated to the opt-in plaintiffs. Further, the Magistrate Judge's second two justifications for denying certification are, by themselves, insufficient reason to deny certifying the collective action.

Although it is undisputed that six of the eight opt-in plaintiffs split their time between La Dolce Vita and Mr. Tarantino's other restaurant La Strada and that some opt-ins seek unpaid wages in addition to overtime, these distinctions bear little weight in this instance. The pertinent question is whether the differences among the plaintiffs outweigh the similarity of the practices to which they were allegedly subjected. Monroe v. FTS USA, LLC, 763 F.Supp.2d 979, 994 (W.D. Tenn. 2011). Upon careful review of the evidence, the Court decides they do not. It is undisputed that all of the plaintiffs performed work for defendant La Dolce Vita, which is owned by defendant Terrence Tarantino; that all of the plaintiffs' overtime work was performed at the direction and for the benefit of Mr. Tarantino; and that all of the plaintiffs allege injury as a result of the defendants' failure to pay overtime. In the Court's view, the plaintiffs have provided sufficient evidence to demonstrate that the alleged failure to pay overtime arose from a single, FLSA-violating policy. The Court will accordingly grant the plaintiffs' motion to certify this case as a collective action.


*Other Issues*

The plaintiffs indicate that because the Magistrate Judge recommended denying certification and dismissing the opt-in plaintiffs, three issues related to the opt-ins were treated as moot. These require attention. First, the plaintiffs seek a ruling that the opt-in plaintiffs are non-exempt under the FLSA as a matter of law. In view of the parties' briefing and the report and recommendation, there is no dispute on this question. The Court accordingly concludes that the opt-in plaintiffs are non-exempt.

Next, on the issues of the applicable statute of limitations and liquidated damages, the Court concludes that the reasoning of the Magistrate Judge relating to Mr. Mehmedi applies with equal force to the opt-in plaintiffs. The plaintiffs' motion will accordingly be granted in this regard.

Finally, the question of damages with respect to opt-in plaintiff Michael Thorpe was never disputed by the defendants. Therefore, the plaintiffs' motion will be granted on this issue as well.

**V. Conclusion**

For the reasons stated above, the Magistrate Judge's Report and Recommendation is accepted in part and reversed in part. The plaintiffs' motion to certify this matter as a collective action is granted. The plaintiffs' motion for partial summary judgment is granted, as follows:

(1) Granted on the issue of Mr. Mehmedi's and the opt-in plaintiffs' status as non-exempt employees;

(2) Granted on the issues of a three-year statute of limitations and liquidated damages as to all plaintiffs;

(3) Granted on the issue of damages to opt-in plaintiff Michael Thorpe in the amount of $120.00

_____
UNITED STATES DISTRICT JUDGE

Date August 1, 2014